**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

---

**CHRISTOPHER LYNN MORAN,**

    **Petitioner,**

**v.**

**WARDEN, DYER COUNTY JAIL,**

    **Respondent.**

)
)
)
)
)
)
)
)
)

**Civ. No. 1:25-cv-01153-STA-jay**

---

**ORDER DIRECTING CLERK TO MODIFY THE DOCKET,
DISMISSING ACTUAL INNOCENCE CLAIMS IN THE § 2254 PETITION,
DIRECTING RESPONDENT TO FILE THE STATE COURT RECORD AND
A LIMITED RESPONSE TO THE § 2254 PETITION,
DIRECTING CLERK TO SERVE THE PETITION, AND
DIRECTING CLERK TO SEND ORDER TO PETITIONER**

---

On June 23, 2025, Petitioner Christopher Lynn Moran ("Petitioner"), an inmate incarcerated at the Dyer County Jail ("DCJ") in Dyersburg, Tennessee and assigned prisoner identification number 00276569, filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition," ECF No. 2). On June 24, 2025, Petitioner paid the $5.00 habeas filing fee. (ECF No. 5.) The Clerk **SHALL RECORD** the Respondent as the Warden of Dyer County Jail and **SHALL TERMINATE** all references to Dyer County District Attorney and Dyer County as the Respondents.

**I.    BACKGROUND**

On April 14, 2025, Petitioner was convicted of one count of "lying to police." (ECF No. 2 at PageID 2.) (*See also* https://foil.app.tn.gov/foil/details.jsp (Tennessee Department of Correction ("TDOC") Felony Offender Information website) (prisoner identification number

00276569) (showing that Petitioner's three-year sentence for false reports and statements to law enforcement ("Crime Of Conviction") was imposed April 15, 2025) (last accessed May 1, 2026).)

## II.     THE PETITION

Petitioner asserts three claims of actual innocence. (*See* ECF No. 2 at PageID 6 (Ground One: "I passed 2 polygraphs that said I did not lie to officers or on police report"); *id*. at PageID 7 (Ground Two: "I took a forensic examination by the State"); *id*. at PageID 9 (Ground Three: "When attorney Tommy Wakley told [district attorney] Ms. Fowler I passed 2 polygraphs, she said ok so he's not lying about this but I'm sure he's lied about something").)  Petitioner argues that he "was told when I committed the offense, there was not one piece of evidence that I intended to lie.  I passed 2 polygraphs and offered to take one from the State.  Your Honor, I am innocent on the charge and being in jail just isn't right."  (ECF No. 6 at PageID 36.)

Petitioner also claims there was "no evidence of [his] intent" to commit the Crime Of Conviction.  (ECF No. 1 at PageID 11 (Ground Four)).

## III.    ANALYSIS

### A.  Claims Of Actual Innocence

"The Supreme Court has not answered whether freestanding actual innocence claims are cognizable on habeas review."  *Smith v. Nagy*, 962 F.3d 192, 207 (6th Cir. 2020) (citing *House v. Bell*, 547 U.S. 518, 555 (2006)); *see Valentin v. Tanner*, No. 23-1207, 2023 WL 5748143, at *2 (6th Cir. Sept. 1, 2023).  Freestanding "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."  *Herrera v. Collins*, 506 U.S. 390, 400 (1993).  Under *Herrera*, a death penalty case, the Supreme Court opined that the evidence supporting a potential freestanding actual innocence claim would have to be strong enough to make execution "constitutionally intolerable" despite the conviction being the product

2

of a fair trial. *Schlup v. Delo*, 513 U.S. 298, 316–317 (1995). Petitioner would have to convince the habeas court that the new evidence "unquestionably" establishes innocence. *Id*. at 317. But the Sixth Circuit has "repeatedly indicated that such claims are not cognizable on habeas." *Smith*, 962 F.3d at 207 (quoting *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007)); *see also Muntaser v. Bradshaw*, 429 F. App'x 515, 521 (6th Cir. 2011). And even if they were, "the petitioner's burden 'would necessarily be extraordinarily high.'" *Smith*, 962 F.3d at 207 (quoting *Herrera*, 506 U.S. at 417).

For this reason, the Court **DISMISSES** Petitioner's claims of actual innocence in Ground One, Ground Two, and Ground Three of the Petition.

### B.  Claim Of Insufficiency Of The Evidence

A document that is filed *pro se* shall be liberally construed to do substantial justice. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) ("The pleadings of pro se petitioners are held to less stringent standards than those prepared by attorneys, and are liberally construed when determining whether they fail to state a claim upon which relief can be granted.").

In the instant case, the Court construes Ground Four of the Petition as challenging the sufficiency of the evidence to establish Petitioner's intent for the Crime Of Conviction. (*See* ECF No. 2 at PageID 11 (Ground Four: "No evidence of intent. During my preliminary [hearing], […] they never offered one single piece of evidence that I intended to lie in any way. I was high.").

## IV.    CONCLUSION

Therefore, it is **ORDERED**, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), that Respondent file a limited response/answer to Ground Four the § 2254 Petition within twenty-eight (28) days. The limited response/answer shall include the complete state-court record, organized and appropriately

3

indexed, as required by Administrative Order 16-31.  *See* 28 U.S.C. § 2254(b)(1).[1]  The limited response/answer shall, at a minimum, address the timeliness of the § 2254 Petition, state whether Ground Four was exhausted in whole or in part in state court, and shall assert appropriate procedural defenses, if any.  If only a portion of Ground Four has been exhausted in state court, the limited response shall specify the aspects of Ground Four that were exhausted and the aspects of Ground Four that are subject to procedural defenses.  Where a merits analysis is appropriate, the limited response/answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing Ground Four; and (3) respond to Petitioner's argument that he is entitled to habeas relief on Ground Four with appropriately reasoned legal and factual argument.

It is **ORDERED** that the Clerk shall send a copy of the Petition (ECF No. 2) and this Order to the Respondent and the Tennessee Attorney General and Reporter by certified mail.  *See* Habeas Rule 4.

Pursuant to Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight (28) days of service.  Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his reply.  The Court will address the merits of the § 2254 Petition, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply, as extended.

It is **ORDERED** that the Clerk shall mail the parties the form for Notice, Consent, And Reference Of A Civil Action To A Magistrate Judge (AO 85).

---

[1] The party filing a document has the burden of ensuring the proper protection of sensitive information and taking measures to seal such information where appropriate. *See* Electronic Case Filing Attorney User Manual for the United States District Court, Western District of Tennessee, Section I.A.13; *see also* Electronic Case Filing Policies and Procedures Manual for the United States District Court Western District of Tennessee, Section 8 Sealed Documents, https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf (last accessed May 1, 2026).

Petitioner is **ORDERED** to notify the Clerk of Court, in writing, of Petitioner's current address within **TWENTY-ONE (21) DAYS** of the date of this Order. If Petitioner fails to abide by this requirement, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

The Clerk is **DIRECTED** to send a copy of this Order to Petitioner at: (1) Dyer County Workhouse, 401 East Cedar Street, Dyersburg, TN 38024 (*see* ECF No. 2 at PageID 2 (prisoner number 2300000736); ECF No. 2-3 at PageID 33); and (2) Dyer County Jail, 401 East Cedar Street, Dyersburg, TN 38024 (*see* https://foil.app.tn.gov/foil/details.jsp (TDOC Felony Offender Information website) (prisoner number 00276569) (last accessed May 1, 2026)).

**IT IS SO ORDERED** this 4th  day of May, 2026.

　　　　　　　　　　　　　　　　　**s/ S. Thomas Anderson**
　　　　　　　　　　　　　　　　　S. THOMAS ANDERSON
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE